KOEHNE et al. v. MATTHEWS, U. S.
Marshal, et al.

No. 9755.

United States Court of Appeals
District of Columbia.

Argued June 9, 1948.

Decided July 19, 1948.

Mr. Ira Chase Koehne, pro se, for appellants.

Mr. John D. Lane, Assistant United States Attorney, of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, was on the brief, of Washington, D. C., for appellees. Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellees.

Before EDGERTON, CLARK, and PROCTOR, Associate Justices.

PER CURIAM.

The Municipal Court imposed fines on appellant Savage and ordered him to serve jail terms if they were not paid. The Municipal Court of Appeals affirmed. Savage v. District of Columbia, D.C.Mun. App., 54 A.2d 562. We declined to allow an appeal. Appellants then filed in the District Court a petition for a writ of habeas corpus. This appeal is from that court's order denying the writ.

The petition says the Municipal Court denied Savage the right to have the assistance of counsel. It states no facts that support this conclusion. The facts of record, if not those stated in the petition, contradict the conclusion. Cf. Dorsey v. Gill, 80 U.S.App.D.C. 9, 22, 148 F.2d 857, certiorari denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003. The petition says Savage was given "only" one day in which to get counsel. In the circumstances it is not clear that one day was inadequate. But whether one day was adequate or inadequate is immaterial. For the record shows the facts to be that on January 22, 1947 Savage waived his right to be represented by counsel; on January 22, January 29, February 13, and February 26 the court granted continuances at his request; and on February 27 he reported attempts just then made to employ certain counsel, declined the court's offer to appoint counsel, did not request another continuance, and said he preferred to represent himself. This he proceeded to do competently. That he competently, intelligently, and deliberately waived his right to counsel is obvious. The present contention, which he does not appear to have made when he argued his own appeal in the Municipal Court of Appeals, that he was denied the right to counsel is frivolous. Judge Clagett's opinion in that court disposes of appellants' other contentions.

Affirmed.